IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DAVID NELMS,

        CASE NO. 2:16-CV-00160
  Petitioner,     JUDGE GEORGE C. SMITH
        Magistrate Judge Elizabeth P. Deavers

  v.

WARDEN, NORTH CENTRAL
CORRECTIONAL COMPLEX,

  Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition*, Respondent's *Return of Writ*, Petitioner's *Motion to Excuse Exhaustion Requirement and/or Stay or Withdraw Petition Without Prejudice,* Respondent's *Response in Opposition*, and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Petitioner's motion to dismiss this action without prejudice (ECF No. 8) be **GRANTED** and that this action be **DISMISSED**.

### Facts and Procedural History

The Ohio Fifth District Court of Appeals summarized the procedural history of this case as follows:

> In September 2012, the Delaware County Grand Jury indicted Appellant Nelms on one count of engaging in a pattern of corrupt activity ("EPCA"), one count of trafficking in persons, one count of trafficking in heroin, one count of possession of heroin, five counts of compelling prostitution, and eight counts of promoting prostitution. Fourteen of the counts included a human trafficking specification pursuant to R.C. 2941.1422.
>
> On February 21, 2013, appellant filed a motion to dismiss for lack of proper venue, claiming all but one of the alleged offenses did not occur in Delaware County. The trial court conducted a hearing

on the motion to dismiss on March 15, 2013. Via judgment entry filed March 19, 2013, the court denied the motion.

On May 20, 2013, appellant filed a motion to suppress evidence, arguing that the search warrant affidavits utilized by the investigating police officers did not provide a basis for probable cause. The next day, the trial court issued a judgment entry finding the motion to suppress had been untimely filed, and denying same.

On June 11, 2013, appellant appeared before the trial court and pled no contest to the EPCA count and the heroin possession counts, pursuant to a plea agreement with the State. The remaining counts, including the specifications, were dismissed. Via judgment entry filed June 12, 2013, the trial court found appellant guilty. The trial court thereafter sentenced appellant to an aggregate term of twelve years in prison.

Appellant thereupon filed a direct appeal to this Court, raising in the single assigned error his claim that the trial court lacked subject matter jurisdiction because the crimes alleged were committed in Franklin County, not Delaware County. This Court overruled the assignment of error, finding that pursuant to R.C. Chapter 2939 and R.C. 2901.12(H), the trial court's venue and the grand jury's jurisdiction were proper in Delaware County. *See State v. Nelms*, 5th Dist. Delaware No. 13 CAA 07 0055, 2014–Ohio–3316, issued July 28, 2014. Appellant then sought review in the Ohio Supreme Court. On February 18, 2015, however, the Court declined to accept jurisdiction. *See State v. Nelms*, 141 Ohio St .3d 1475, 25 N.E.3d 1081, 2015–Ohio–554.

On April 18, 2014, while his aforesaid direct appeal was pending, appellant filed a *pro se* petition for post-conviction relief. Appellant therein set forth three arguments in support. First, he alleged his trial counsel was constitutionally deficient for failing to properly demonstrate to the trial court the alleged lack of venue. Secondly, he alleged his trial counsel failed to timely file a motion to suppress evidence obtained via search warrants. Finally, he alleged trial counsel was not prepared for various hearings, referencing counsel's motion to withdraw as counsel.

On April 28, 2014, the State filed a memorandum contra appellant's PCR petition.

On May 20, 2014, appellant filed a "reply motion" regarding the State's memorandum contra.

> On June 30, 2014, the trial court issued a judgment entry denying appellant's PCR petition without a hearing.
>
> Appellant filed a *pro se* notice of appeal on August 1, 2014. That appeal was designated as case number 14CAA080043 in this Court. However, via judgment entry dated August 21, 2014, we dismissed that appeal as untimely under the thirty-day rule of App.R. 4(A). Appellant, via counsel, sought reconsideration of said dismissal, which we denied on October 27, 2014.
>
> Appellant, again via counsel, then filed a new notice of appeal on November 4, 2014 with a request for leave to file a delayed appeal under App.R. 5(A). On December 15, 2014, this Court granted leave to appeal under the present case number, 14CAA110073.
>
> Appellant now raises the following sole Assignment of Error:
>
> "I. THE TRIAL COURT VIOLATED THE STATE AND FEDERAL CONSTITUTIONS, AND R.C. 2953.21, BY DENYING APPELLANT'S PETITION FOR POST–CONVICTION RELIEF WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING."

*State v. Nelms*, No. 14CAA-11-0073, 2015 WL 4737421, at *1-2 (Ohio App. 5th Dist. Aug. 10, 2015). On August 10, 2015, the appellate court we held that the appeal was improvidently allowed as the appeal was untimely, and dismissed the case for want of appellate jurisdiction. *Id.* Petitioner apparently did not file an appeal of that decision to the Ohio Supreme Court.

On February 19, 2016, Petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He asserts that the trial court lacked jurisdiction (claim one); that he was denied due process because the trial court denied his petition for post conviction relief without holding an evidentiary hearing (claim two); and that he was denied the right to the effective assistance of counsel because his attorney failed to raise an issue regarding the trial court's lack of jurisdiction, failed to file a motion to suppress evidence, and was unprepared (claim three). It is the position of the Respondent that Petitioner's claims are procedurally defaulted or fail to provide a basis for federal habeas corpus relief.

3

**Motion to Stay or Withdraw Petition**

Petitioner has filed a motion requesting a stay of proceedings so that he may exhaust state court remedies as to his claims. Alternatively, Petitioner requests that the Court excuse the exhaustion requirement, or permit him to withdraw the petition without prejudice. However, while Petitioner's claims may be procedurally defaulted, none of the claims Petitioner presents for review remain unexhausted. Petitioner does not indicate, and the record does not reflect, that any additional state court remedies remain available to him. Therefore, a stay would not be appropriate. *See Rhines v. Weber*, 544 U.S. 269 (2005).

Petitioner alternatively requests a dismissal of this action without prejudice. Respondent opposes Petitioner's request, arguing that to grant Petitioner's request for a dismissal without prejudice would cause Respondent to suffer plain legal prejudice as a result, as the Respondent has already expended considerable time and expense in the filing of a response to the *Petition*.

Petitioner's request for a dismissal without prejudice may be construed under Rule 41(a)(2) of the Federal Rules of Civil Procedure.[1] *See Young v. Warden, Corr. Reception Ctr.*, No. 1:13-cv-715, 2014 WL 3732947, at *1 (S.D. Ohio July 25, 2014). "Because the respondent has already filed a return of writ, this matter may not be dismissed without prejudice pursuant to Rule 41(a)(2) except by court order." *Id.* (citing *Henderson v. Hall*, No. 1:09cv2058, 2010 WL 2572698, at *2 (N.D.Ohio June 4, 2010) (*Report & Recommendation*), adopted, 2010 WL 2572652 (N.D.Ohio June 21, 2010). "[W]hether such a dismissal should be granted is within the sound discretion of the Court." *Martin v. Warden, Lebanon Correctional Inst.*, No. 1:12-cv-458,

---

[1] Rule 41(a)(2) provides: that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

2014 WL 1271020, at *3 (S.D. Ohio March 27, 2014) (citing *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994)).

> As the court stated in *Henderson,* the "intendment of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side." *Henderson, supra*, 2010 WL 2572698, at * 2 (quoting *Alamance Indus., Inc. v. Filene's*, 291 F.2d 142, 146 (1 st Ci r.1961)); *see also Martin, supra*, 2014 WL 1271020, at *3 ("[T]he primary purpose of [Fed.R.Civ.P. 41(a) (2) ] is to protect the non-movant from unfair treatment."). Therefore, one of the factors that should be considered in determining whether dismissal is appropriate is "prejudice to the nonmoving party." *Martin, supra*, 2014 WL 1271020, at *3. In addition, the court "must ensure that the petitioner's ability to present claims of constitutional violations is not abridged merely because the petitioner has unwittingly fallen into a procedural trap created by the intricacies of habeas corpus law." *Id*. (quoting *Ortega v. Trombley,* No. 2:07cv10456, 2007 WL 781878, at * 1 (E.D.Mich. Mar.13, 2007), in turn quoting *Clark v. Tansy*, 13 F.3d 1407, 1409 (10th Cir.1993)).

*Young v. Warden, Corr. Reception Ctr.*, No. 1:13-cv-715, 2014 WL 3732947, at *2. The possibility that Respondent may be required to file another return of writ in response to a renewed habeas corpus petition filed by petitioner in the future does not, in and of itself, constitute "plain legal prejudice" sufficient to justify the denial of the petitioner's motion. *Id*. (citing *Martin,* 2014 WL 121020, at *3; *Henderson,* 2010 WL 2572698, at *2; *Wakefield v. Children's Hosp., Inc.*, No. 2:06cv1034, 2009 WL 588021, at *2 (S.D. Ohio Mar. 6, 2009) (Sargus, J.) (and cases cited therein) ("[C]ourts have consistently held that 'plain legal prejudice' does not result merely from the prospect of a second lawsuit on identical issues.").

That said, the Court can express no assurance as to whether any subsequent  habeas petition filed by petitioner may be barred by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d).  Even so, "if petitioner, while 'fully cognizant' of the possibility that any future petition may be time-barred, still desires to dismiss the instant petition without prejudice

5

to exhaust additional unspecified claims in the state courts, he may be permitted to do so." *Id.* (citations omitted).

## Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that Petitioner's motion to dismiss this action without prejudice (ECF No. 8) be **GRANTED**. If, having been informed of the potential consequences of granting the motion, *i.e.,* that any future filing may be time-barred, the Petitioner no longer wishes the Court to withdraw his Petition, he may file a timely objection so stating.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                    s/ *Elizabeth A. Preston Deavers*
                                                    Elizabeth A. Preston Deavers
Date:  October 18, 2016                      United States Magistrate Judge