**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**DAVID NELMS,**

        **Petitioner,**

**v.**                                **Case No.:  2:16-cv-160**
                                            **JUDGE GEORGE C. SMITH**
                                            **Magistrate Judge Deavers**

**WARDEN, NORTH CENTRAL
CORRECTIONAL COMPLEX,**

        **Respondent.**

## OPINION AND ORDER

On October 18, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that Petitioner's motion to dismiss this action without prejudice (ECF No. 8) be granted and that this action be dismissed.  (ECF No. 11).  Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*.  (ECF No. 12).  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons that follow, Petitioner's *Objection* (ECF No. 12) is **OVERRULED**.  The *Report and Recommendation* (ECF No. 11) is **ADOPTED** and **AFFIRMED**.  Petitioner's request to excuse the exhaustion requirement (ECF No. 8) is **DENIED**.  Petitioner's withdrawal of his motion to dismiss this action without prejudice and request to proceed with the adjudication of this action is **GRANTED**.

Petitioner may file a traverse within fourteen (14) days.

Petitioner challenges his convictions pursuant to his no contest plea in the Delaware County Court of Common Pleas on one count of engaging in a pattern of corrupt activity, one count of trafficking in heroin, and one count of possession of heroin.  The trial court imposed a sentence of twelve years in prison.  The state appellate court affirmed the judgment of the trial

court, and the Ohio Supreme Court declined to accept jurisdiction of the appeal. *See State v. Nelms,* No. 14CAA-11-0073, 2015 WL 4737421, at *1-2 (Ohio App. 5th Dist. Aug. 10, 2015). Petitioner also unsuccessfully pursued post-conviction relief. *See id.* Petitioner asserts that the trial court lacked jurisdiction (claim one); that he was denied due process because the trial court denied his petition for post-conviction relief without holding an evidentiary hearing (claim two); and that he was denied the right to the effective assistance of counsel because his attorney failed to raise an issue regarding the trial court's lack of jurisdiction, failed to file a motion to suppress evidence, and was unprepared (claim three). It is the position of the Respondent that Petitioner's claims are procedurally defaulted or without merit.

Petitioner seeks a stay of proceedings pending exhaustion of his claims in the state courts. Petitioner objects to the Magistrate Judge's denial of his request for a stay, and has withdrawn his alternative request to withdraw the petition without prejudice. According to Petitioner, he has filed a state habeas corpus petition in the Ohio Court of Appeals, which currently remains pending. Petitioner further maintains that he has diligently pursued relief as a *pro se* incarcerated prisoner, and asserts that his claims raise issues involving plain error.

Before a federal habeas court may grant relief, a state prisoner must exhaust his available remedies in the state courts. *Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). If a habeas petitioner has the right under state law to raise a claim by any available procedure, he has not exhausted that claim. 28 U.S.C. § 2254(b), (c). Moreover, a constitutional claim for relief must be presented to the state's highest court in order to satisfy the exhaustion requirement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). Where alternative state remedies are available to consider the same claim, exhaustion of one of these remedies is all that is necessary.

A habeas petitioner bears the burden of demonstrating that he has properly and fully exhausted his available state court remedies with respect to the claims he seeks to present for federal habeas review. *Prather v. Rees*, 822 F.2d 1418, 1420 n.3 (6th Cir. 1987).

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court held that, where the one-year statute of limitations may bar a petitioner who presents a "mixed petition," that is, exhausted and unexhausted claims, from re-filing his habeas corpus petition, the Court may stay the case pending exhaustion in certain limited circumstances. The Court must determine that good cause exists for the petitioner's failure to exhaust his claims first in the state courts. *Rhines,* 544 U.S. at 277. "Moreover, even if a petitioner had good cause for that failure the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." *Id.* (citation omitted). "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics". *Id.* at 278.

It does not appear that *Rhines* applies, however, where the petitioner does not present a "mixed" petition, *i.e.*, one containing both exhausted and unexhausted claims. *See Abgor v. Warden*, No. 2:15-cv-02236, 2016 WL 614575, at *2-3 (S.D. Ohio Feb. 16, 2016) (noting that '[s]ome courts, including lower courts within the Sixth Circuit, have declined to extend the *Rhines* stay-and-abeyance procedure to petitions . . . containing only unexhausted claims.") (citing *Peterson v. Warden, Pickaway Corr. Inst*., No. 1:14-cv-604, 2015 WL 3970171, at *7 (S.D. Ohio June 30, 2015) (and cases cited thereing) (declining to resolve the issue "because there appears to be a conflict among the circuit courts and it does not appear that the Sixth Circuit has weighed in on the issue[.]") (other citations omitted).

Regardless of whether Petitioner has now filed a state habeas corpus petition in the state appellate court, the record fails to reflect that any of Petitioner's claims remain unexhausted or that this action constitutes a "mixed petition" properly subject to a stay under *Rhines*. All of Petitioner's claims appear to be issues that would properly be raised on direct appeal, or in the appeal of the denial of his petition for post-conviction relief. *See Leyman v. Bradshaw*, 146 Ohio Sst.3d 522, 524 (Ohio 2016) ("Like other extraordinary-writ actions, 'habeas corpus is not available when there is an adequate remedy in the ordinary course of law.'") (quoting *In re Complaint for Writ of Habeas Corpus for Goeller,* 103 Ohio St.3d 427 (Ohio 2004)); *Daniel v. State*, 98 Ohio St.3d 467, 468 (Ohio 2003) ("habeas corpus is not a substitute for appeal or postconviction relief") (citations omitted). Petitioner has completed direct review of his convictions and pursued a petition for post-conviction relief. The time period for filing any appeal in post-conviction proceedings has now expired. Further, the record fails to demonstrate that Petitioner has presented a potentially meritorious unexhausted claim for relief. The state appellate court has already rejected Petitioner's claim that the trial court lacked jurisdiction in the case. *See State v. Nelms*, No. 13CAA 07 0055, 2014 WL 3749429 (Ohio App. 5th Dist. July 28, 2014). Moreover, the state appellate court likely will bar Petitioner's remaining claims as improperly addressed in state habeas corpus proceedings. *See Leyman v. Bradshaw; Daniel v. State*. Therefore, Petitioner's claims are not potentially meritorious as that term is defined under *Rhines*, nor would a stay of proceedings be warranted for him to pursue an action that has little, if any, likelihood of success. *See Toledo v. Banks*, No. 2:09-cv-614, 2010 WL 2620593, at *5 (S.D. Ohio June 25, 2010) (citing *Williams v. Thaler,* 602 F.3d 291 (5th Cir. 2010) ("[W]hen a petitioner is 'procedurally barred from raising [his] claims in state court,' his 'unexhausted claims are 'plainly meritless.'") (other citations omitted).

Therefore, Petitioner's request for a stay is **DENIED.**

Petitioner has withdrawn his request to alternatively dismiss this action without prejudice, and instead now alternatively requests to proceed with the adjudication of this action, after being permitted time within which to file a Traverse.

For all of the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 12) is **OVERRULED**. The *Report and Recommendation* (ECF No. 11) is **ADOPTED** and **AFFIRMED.** Petitioner's request to excuse the exhaustion requirement (ECF No. 8) is **DENIED.** Petitioner's withdrawal of his motion to dismiss this action without prejudice and request to proceed with the adjudication of this action is **GRANTED**.

Petitioner may file a Traverse within fourteen (14) days of the date of this Order.

       **IT IS SO ORDERED**.


                              *s/ George C. Smith*
                            **GEORGE C. SMITH, JUDGE**
                            **UNITED STATES DISTRICT COURT**