IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DAVID NELMS,**

    Petitioner,

    v.

**WARDEN, NORTH CENTRAL
CORRECTIONAL COMPLEX,**

    Respondent.

Case No. 2:16-cv-0160
JUDGE GEORGE C. SMITH
Magistrate Judge King

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (Doc. 1), Respondent's *Return of Writ* (Doc. 7), Petitioner's *Traverse* (Doc. 17), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**Facts and Procedural History**

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> On September 28, 2012, the Delaware County Grand Jury indicted appellant, David Nelms, on one count of engaging in a pattern of corrupt activity in violation of R.C. 2923.32, one count of trafficking in persons in violation of R.C. 2905.32, one count of trafficking in heroin in violation of R.C. 2925.03, one count of possession of heroin in violation of R.C. 2925.11, five counts of compelling prostitution in violation of R.C. 2907.21, and eight counts of promoting prostitution in violation of R.C. 2907.22. Fourteen of the counts included a human trafficking specification pursuant to R.C. 2941.1422.
>
> On February 21, 2013, appellant filed a motion to dismiss for lack of proper venue, claiming all but one of the alleged offenses did not occur in Delaware County. A hearing was held on March 15,

2013. By judgment entry filed March 19, 2013, the trial court denied the motion.

On June 11, 2013, appellant pled no contest to the engaging in a pattern of corrupt activity and the possession of heroin counts. The remaining counts, including the specifications, were dismissed. By judgment entry filed June 12, 2013, the trial court found appellant guilty. By judgment entry filed June 25, 2013, the trial court sentenced appellant to an aggregate term of twelve years in prison.

Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:

"THE DELAWARE COUNTY COURT OF COMMON PLEAS HAD NO SUBJECT MATTER JURISDICTION OVER THIS CASE BECAUSE THE DELAWARE COUNTY GRAND JURY HAD NO AUTHORITY TO RETURN AN INDICTMENT FOR CRIMES COMMITTED IN FRANKLIN COUNTY."

*State v. Nelms*, No. 13 CAA 07 0055, 2014 WL 3749429, at *1- (Ohio App. 5th Dist. July 28, 2014). On July 28, 2014, the appellate court affirmed the judgment of the trial court. *Id*. On February 18, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Nelms*, 141 Ohio St.3d 1475 (Ohio 2015).

Petitioner also pursued post conviction relief in the state courts:

On April 18, 2014, while his aforesaid direct appeal was pending, appellant filed a *pro se* petition for post-conviction relief. Appellant therein set forth three arguments in support. First, he alleged his trial counsel was constitutionally deficient for failing to properly demonstrate to the trial court the alleged lack of venue. Secondly, he alleged his trial counsel failed to timely file a motion to suppress evidence obtained via search warrants. Finally, he alleged trial counsel was not prepared for various hearings, referencing counsel's motion to withdraw as counsel.

On April 28, 2014, the State filed a memorandum contra appellant's PCR petition.

On May 20, 2014, appellant filed a "reply motion" regarding the State's memorandum contra.

> On June 30, 2014, the trial court issued a judgment entry denying appellant's PCR petition without a hearing.
>
> Appellant filed a *pro se* notice of appeal on August 1, 2014. That appeal was designated as case number 14CAA080043 in this Court. However, via judgment entry dated August 21, 2014, we dismissed that appeal as untimely under the thirty-day rule of App.R. 4(A). Appellant, via counsel, sought reconsideration of said dismissal, which we denied on October 27, 2014.
>
> Appellant, again via counsel, then filed a new notice of appeal on November 4, 2014 with a request for leave to file a delayed appeal under App.R. 5(A). On December 15, 2014, this Court granted leave to appeal under the present case number, 14CAA110073.
>
> Appellant now raises the following sole Assignment of Error:
>
> "I. THE TRIAL COURT VIOLATED THE STATE AND FEDERAL CONSTITUTIONS, AND R.C. 2953.21, BY DENYING APPELLANT'S PETITION FOR POST–CONVICTION RELIEF WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING."

*State v. Nelms*, No. 14 CAA-11-0073, 2015 WL 4737421, at *1-2 (Ohio App. 5th Dist. Aug. 10, 2015). On August 10, 2015, the appellate court held that the appeal had been improvidently allowed as untimely in light of the fact that Ohio does not permit delayed appeals in post conviction proceedings. The state appellate court dismissed the action for want of appellate jurisdiction. *Id*. Petitioner apparently did not file an appeal from that decision to the Ohio Supreme Court.

On February 19, 2016, Petitioner filed the *Petition,* alleging that he was denied due process due to the trial court's lack of jurisdiction (claim one); that he was denied due process because the trial court dismissed his petition for post conviction relief without holding an evidentiary hearing (claim two); and that he was denied the right to the effective assistance of trial counsel because his attorney failed to properly litigate the trial court's lack of jurisdiction, failed to file a motion to suppress illegally obtained evidence, and failed to prepare (claim three).

3

Respondent contends that Petitioner's claims are procedurally defaulted or otherwise fail to provide a basis for federal habeas corpus relief.

**Standard of Review**

Because Petitioner seeks habeas relief under 28 U.S.C. § 2254, the familiar standards of the Antiterrorism and Effective Death Penalty Act ("AEDPA") govern this case. The United States Supreme Court has described AEDPA as "a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court" and emphasized that courts must not "lightly conclude that a State's criminal justice system has experienced the 'extreme malfunction' for which federal habeas relief is the remedy." *Burt v. Titlow*,—U.S.—, 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86 (2011)); *see also Renico v. Lett*, 559 U.S. 766, 773 (2010) ("AEDPA . . . imposes a highly deferential standard for evaluating state-court rulings, and demands that state court decisions be given the benefit of the doubt.") (internal quotation marks, citations, and footnote omitted).

The AEDPA limits the authority of a federal court to issue writs of habeas corpus and forbids a federal court from granting habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" unless the state court decision either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, under AEDPA, the factual findings of the state court are presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). Accordingly, "a writ of habeas corpus should be denied unless the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court, or based on an unreasonable determination of the facts in light of the evidence presented to the state courts." *Coley v. Bagley*, 706 F.3d 741, 748 (6th Cir. 2013) (citing *Slagle v. Bagley*, 457 F.3d 501, 513 (6th Cir. 2006)).

> A state court's decision is "contrary to" Supreme Court precedent if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law[,]" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives" at a different result. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). A state court's decision is an "unreasonable application" under 28 U.S.C. § 2254(d)(1) if it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular ... case" or either unreasonably extends or unreasonably refuses to extend a legal principle from Supreme Court precedent to a new context. *Id*. at 407, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389.

*Id.* at 748–49. The burden of satisfying the standards of the AEDPA rests with the petitioner. *See Cullen v. Pinholster*, 563 U.S.170, 181 (2011).

### Claim One

In claim one, Petitioner alleges that the trial court lacked subject matter jurisdiction, because the crimes charges against him occurred in Franklin County. However, a trial court's determination of the proper venue, or jurisdiction over a case, involves a matter of state – not federal – law. "[V]enue for criminal proceedings in Ohio is a function of state law." *Harris v.*

5

*Jeffries*, No. 3:06–cv–02887, 2007 WL 3340035, at *5 (N.D.Ohio Nov. 6, 2007) (footnote omitted) (rejecting same argument presented herein.) "A state court's decision as to proper venue or jurisdiction generally does not raise a cognizable constitutional claim." *Campa v. Erwin*, No. C–1–03–550, 2005 WL 2313980, at *2 (S.D.Ohio Sept. 21, 2005) (citing *Davey v. Stegall*, No. 95–2198, 1996 WL 708336, at * 1 (6th Cir. Dec. 5, 1996); *Wellman v. Chapleau,* No. 95–6123, 1996 WL 325212, at * 2 (6th Cir. June 12, 1996)). Thus, Petitioner's jurisdictional claim fails to present a federal issue and does not provide a basis for habeas relief.

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984*); Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Id*. (quoting *Machin v. Wainwrig*ht, 758 F.2d 1431, 1433 (11th Cir.1985)).

Further, although Petitioner attempts to couch this claim in federal terms, he failed to do so in the state appellate court. There, he argued only that the trial court lacked jurisdiction under the provisions of Ohio law. *See Appellant's Brief* (ECF No. 7-1, PageID# 226-230). The state appellate court likewise addressed the claim only in terms of the alleged violation of state law:

> Appellant claims the trial court lacked subject matter jurisdiction as the crimes alleged were committed in Franklin County, not Delaware County. We disagree.
>
> On February 21, 2013, appellant filed a motion to dismiss for lack of proper venue, claiming the crimes were not committed in

Delaware County and seeking a change of venue. Appellant argued with the exception of a single count, the offenses occurred in Franklin County, and the facts do not support a "course of criminal conduct" theory for establishing venue under R.C. 2901.12(H) which states the following:

(H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:

(1) The offenses involved the same victim, or victims of the same type or from the same group.

(2) The offenses were committed by the offender in the offender's same employment, or capacity, or relationship to another.

(3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective.

(4) The offenses were committed in furtherance of the same conspiracy.

(5) The offenses involved the same or a similar modus operandi.

(6) The offenses were committed along the offender's line of travel in this state, regardless of the offender's point of origin or destination.

The state argues Count 1, engaging in a pattern of corrupt activity in violation of R.C. 2923.32, has already been reviewed in light of the venue issue.

As explained by this court in *State v. Yates*, 5th Dist. Licking No.2009 CA 0059, 2009–Ohio–6622, ¶ 51–55:

Appellant was convicted of one count of Engaging in a Pattern of Corrupt Activity, one count of Theft, one count of Possession of Criminal Tools, and one count of Forgery. Pursuant to R.C. 2901.12(H), if these offenses constitute a course of criminal conduct, then venue lies for all those offenses in any jurisdiction in which Appellant committed any one offense or any element

thereof. *State v. Giffin* (1991), 62 Ohio App.3d 396, 399, 575 N.E.2d 887.

In *State v. Giffin*, the Tenth District Court of Appeals held that a prosecution for engaging in a pattern of corrupt activity in violation of R.C. 2923.32(A)(1) is properly venued in any county in which a portion of the corrupt activity occurred or in which an organization formed for the purpose of engaging in corrupt activity is based. *See also, State v. Haddix* (1994), 93 Ohio App.3d 470, 638 N.E.2d 1096.

The defendant in *Giffin, supra*, was convicted of aggravated burglary, aggravated robbery, theft, and engaging in a pattern of corrupt activity based upon his activities in a burglary ring that conducted burglaries in Fairfield, Pickaway, and Pike Counties. None of the offenses were committed in Franklin County, but the defendant was tried in Franklin County on those charges.

The evidence from the trial revealed that the hub of the burglary ring was located in Franklin County.

In finding that venue was proper in Franklin County, although the defendant was not directly involved in the Franklin County activity, the Tenth District stated:

"Consequently, if at least one element of one of the offenses making up the course of criminal conduct was committed in Franklin County, defendant's trial was properly venued in that jurisdiction. The elements of a crime are the constituent parts of an offense which must be proved by the prosecution to sustain a conviction. Elements necessary to constitute a crime must be gathered wholly from the statute and not *aliunde*. *State v. Draggo* (1981), 65 Ohio St.2d 88, 91, 19 O.O.3d 294, 295, 418 N.E.2d 1343, 1346.["]

Appellant entered no contest pleas to one count of engaging in a pattern of corrupt activity and one count of possession of heroin. Based upon the sufficiency to establish proper venue, the remaining counts, as a part of appellant's criminal enterprise, vests the jurisdiction of Delaware County. In support of this course of criminal conduct theory, the state cited to fifteen incidents wherein hotels were rented with appellant's online travel accounts for the purpose of prostitution. March 15, 2013 T. at 5–6; June 11, 2013 T. at 16–17. The hotels were located in Delaware County. *Id*. For each of these, although appellant managed his prostitution enterprise from Franklin County, his "employees" traveled to

> Delaware County and then returned to Franklin County to pay appellant. March 15, 2013 T. at 5–6.
>
> Pursuant to R.C. Chapter 2939 and R.C. 2901.12(H), we find the trial court's venue and the grand jury's jurisdiction were proper in Delaware County.

*State v. Nelms*, 2014 WL 3749429, at *1-3.

Moreover, in order to satisfy the exhaustion requirement in habeas corpus, a petitioner must fairly present the substance of each claim to the state courts as a federal constitutional claim. *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Picard v. Connor,* 404 U.S. 270, 275 (1971). Although this fair presentment requirement is a rule of comity, not jurisdiction, *see Castille v. Peoples*, 489 U.S. 346, 349 (1989); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999), it is nevertheless rooted in principles of federalism designed to allow state courts the opportunity to correct the State's alleged violation of a federal constitutional right that threatens to invalidate a state criminal judgment.

In the Sixth Circuit, a petitioner can satisfy the fair presentment requirement in any one of four ways: (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000). General allegations of the denial of a constitutional right, such as the right to a fair trial or to due process, are insufficient to satisfy the "fair presentment" requirement. *Id*.

In his appeal before the state appellate court, Petitioner did not rely on any federal or state cases employing constitutional analysis in support of his claim that the trial court lacked jurisdiction. As discussed, he raised this claim only in terms of the alleged violation of state law.

Therefore, Petitioner has waived any federal issue for this Court's review. Moreover, Petitioner has failed to establish cause and prejudice for that waiver.

Claim one fails to provide a basis for relief.

**Claim Two**

In claim two, Petitioner alleges that the trial court improperly denied his petition for post conviction relief without conducting an evidentiary hearing. This claim does not offer an appropriate issue for federal habeas corpus relief. "[T]he Sixth Circuit has consistently held that errors in post-conviction proceedings are outside the scope of federal habeas corpus review." *Farrow v. Anderson*, No. 1:08CV1429, 2009 WL 3004024, at *5 (N.D. Ohio Sept. 15, 2009)(citing *Roe v. Baker*, 316 F.3d 557, 571 (6th Cir. 2002); *Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir. 1986)). This is because "'the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and. . . the traditional function of the writ is to secure release from illegal custody." *Id.* (quoting *Kirby,* 794 F.2d at 246).

> It is settled law in the Sixth Circuit that alleged errors in post-conviction proceedings, such as the failure to grant evidentiary hearings, are outside the scope of federal habeas review. *Cornwell v. Bradshaw,* 559 F.3d 398, 411 (6th Cir. 2009) (petitioner's claim that the state court improperly denied him an evidentiary hearing not cognizable in habeas corpus proceedings); *Cress v. Palmer,* 484 F.3d 844, 853 (6th Cir. 2007); *Kirby v. Dutton*, 794 F.2d 245, 247 (6th Cir. 1986) ("We decline to allow the scope of the writ to reach this second tier of complaints about deficiencies in state post-conviction proceedings.").

*Johnson v. Lazaroff*, No. 1:15CV43, 2016 WL 791609, at *15 (N.D. Ohio Jan. 6, 2016). Accordingly, Petitioner's claim that the state court erred when it failed to provide him an evidentiary hearing in post conviction proceedings fails to provide a basis for federal habeas corpus relief.

## Procedural Default

Respondent also argues that Petitioner has procedurally default certain of his claims. Congress has provided that state prisoners who are in custody in violation of the Constitution or laws or treaties of the United States may apply to the federal courts for a writ of habeas corpus. 28 U.S.C. § 2254(a). In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state criminal defendant with federal constitutional claims is required to present those claims to the state courts for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present his claims, then his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless*, 459 U.S. 4, 6, 103 (1982) *(per curiam)* (citing *Picard v. Connor*, 404 U.S. 270, 275–78 (1971)). Where a petitioner has failed to exhaust his claims but would find those claims barred if later presented to the state courts, "there is a procedural default for purposes of federal habeas. . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991).

The term "procedural default" has come to describe the situation where a person convicted of a crime in a state court fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct any errors made in the course of the trial or the appeal before a federal court intervenes in the state criminal process. This "requires the petitioner to present 'the same claim under the same theory' to the state courts before raising it on federal habeas review." *Hicks v. Straub*, 377 F.3d 538, 552–53 (6th Cir. 2004) (quoting *Pillette v. Foltz*, 824 F.2d 494, 497 (6th Cir. 1987)). One of the aspects of "fairly presenting" a claim to the state courts is that a habeas petitioner must do so in a way that gives the state courts a fair opportunity to rule on the federal law claims being asserted. That means

that if the claims are not presented to the state courts in the way in which state law requires, and the state courts therefore do not decide the claims on their merits, neither may a federal court do so. In the words used by the Supreme Court in *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977), "contentions of federal law which were not resolved on the merits in the state proceeding due to respondent's failure to raise them there as required by state procedure" also cannot be resolved on their merits in a federal habeas case-that is, they are "procedurally defaulted."

In the Sixth Circuit, a four-part analysis must be undertaken when the State argues that a federal habeas claim has been waived by a petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground upon which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court has determined that a state procedural rule was not complied with, and that the rule was an adequate and independent state ground, then the petitioner must demonstrate that there was cause for him not to follow the procedural rule, and that he was actually prejudiced by the alleged constitutional error. *Id.* This "cause and prejudice" analysis applies to failures to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Turning to the fourth part of the *Maupin* analysis, in order to establish cause, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Constitutionally ineffective counsel may constitute cause to excuse a procedural default.

*Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). But in order to constitute cause, an ineffective assistance of counsel claim generally must " 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Id.* at 452 (quoting *Murray v. Carrier*, 477 U.S. at 479). That is because, before counsel's ineffectiveness will constitute cause, "that ineffectiveness must itself amount to a violation of the Sixth Amendment, and therefore must be both exhausted and not procedurally defaulted." *Burroughs v. Makowski*, 411 F.3d 665, 668 (6th Cir. 2005). Or, if procedurally defaulted, the petitioner must be able to "satisfy the 'cause and prejudice' standard with respect to the ineffective-assistance claim itself." *Edwards,* 529 U.S. at 450–51. The Supreme Court explained the importance of this requirement:

> We recognized the inseparability of the exhaustion rule and the procedural-default doctrine in *Coleman*: "In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases." 501 U.S., at 732, 111 S.Ct. 2546, 115 L.Ed.2d 640. We again considered the interplay between exhaustion and procedural default last Term in *O'Sullivan v. Boerckel,* 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999), concluding that the latter doctrine was necessary to "'protect the integrity' of the federal exhaustion rule." *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (quoting id., at 853, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)). The purposes of the exhaustion requirement, we said, would be utterly defeated if the prisoner were able to obtain federal habeas review simply by " 'letting the time run' " so that state remedies were no longer available. *Id.*, at 848, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1. Those purposes would be no less frustrated were we to allow federal review to a prisoner who had presented his claim to the state court, but in such a manner that the state court could not, consistent with its own procedural rules, have entertained it. In such circumstances, though the prisoner would have "concededly exhausted his state remedies," it could hardly be said that, as comity and federalism require, the State had been given a "fair 'opportunity to pass upon [his claims].' " *Id.*, at 854, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (STEVENS, J., dissenting)

>                (emphasis added) (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70
>                S.Ct. 587, 94 L.Ed. 761 (1950)).

*Id.* at 452–53.

If, after considering all four factors of the *Maupin* test, the federal habeas court concludes that a procedural default has occurred, it must not consider the merits of the procedurally defaulted claim unless "review is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013) (citing *Murray v. Carrier*, 477 U.S. at 495–96).

### Claim Three

In claim three, Petitioner alleges that he was denied the effective assistance of counsel because his attorney failed to file a timely motion to suppress evidence, failed to raise an issue regarding the trial court's lack of jurisdiction, and failed to prepare for trial. However, Petitioner did not allege the denial of the effective assistance of trial counsel in his direct appeal, where he was represented by new counsel. Further, he may now no longer do so, by operation of Ohio's doctrine of *res judicata. See State v. Cole*, 2 Ohio St.3d (1982); *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967) (claims must be raised on direct appeal, if possible, or they will be barred by the doctrine of *res judicata*.). The state courts were never given an opportunity to enforce the procedural rule due to the nature of Petitioner's procedural default.

Moreover, Ohio's doctrine of *res judicata* is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman,* 501 U.S. at 732–33. To be "adequate," the state procedural rule must be firmly established and regularly followed by

14

the state courts. *Ford v. Georgia*, 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id.* at 423 (quoting *James v. Kentucky*, 466 U.S. 341, 348–351 (1984)); *see also Barr v. City of Columbia*, 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 297 (1964). The United States Court of Appeals for the Sixth Circuit has consistently held that Ohio's doctrine of *res judicata, i.e.*, the *Perry* rule, is an adequate ground for denying federal habeas relief. *Lundgren v. Mitchell*, 440 F.3d 754, 765 (6th Cir. 2006*); Coleman v. Mitchell*, 268 F.3d 417, 427–29 (6th Cir. 2001); *Seymour v. Walker*, 224 F.3d 542, 555 (6th Cir. 2000); *Byrd v. Collins*, 209 F.3d 486, 521–22 (6th Cir. 2000); *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998).

Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of claims because they are procedurally barred. *See State v. Cole*, 2 Ohio St.3d at 112; *State v. Ishmail*, 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong of the *Maupin* analysis, the Court concludes that Ohio's doctrine of *res judicata* in this context does not rely on or otherwise implicate federal law. Accordingly, the Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief.

To the extent that Petitioner's claim of ineffective assistance of counsel may rely on evidence that is not readily apparent from the face of the record, Petitioner also waived that claim by failing to present it in his petition for post conviction relief, and by failing to file a timely appeal from the trial court's denial of his post conviction petition. The state appellate court explicitly denied his post conviction appeal as untimely:

> However, before we can consider the merits of the within appeal, we must consider our jurisdiction to further proceed. "Where an untimely appeal has been filed, an appellate court lacks jurisdiction to consider the merits, and the appeal must be dismissed." *State v. Myers*, 9th Dist. Wayne No. 08CA0041, 2009–Ohio–2082, ¶ 7.
>
> Appellant herein has tried to overcome the jurisdictional timeliness barrier of App.R. 4(A) by relying on App.R. 5(A), which allows for seeking leave to pursue a delayed appeal regarding, *inter alia*, "criminal proceedings." However, the Ohio Supreme Court, in *State v. Nichols* (1984), 11 Ohio St.3d 40, 463 N.E.2d 375, held that a petition for post-conviction relief is a civil action to which an App.R. 5(A) motion for delayed appeal does not apply.
>
> While we recognize the parties in the case *sub judice* have already duly briefed this case, we cannot ignore the clear holding of *Nichols*.
>
> Accordingly, we hold the present appeal was improvidently allowed and must be dismissed for want of appellate jurisdiction.
>
> For the reasons stated in the foregoing opinion, the appeal of the judgment of the Court of Common Pleas, Delaware County, Ohio, is hereby dismissed.

*State v. Nelms*, 2015 WL 4737421, at *2-3. "The inapplicability of delayed appeals under Ohio App. R. 5(A) for denials of post-conviction relief is firmly established and regularly followed by Ohio courts." *Wright v. Lazaroff*, 643 F.Supp.2d 971, 988 (S.D. Ohio June 25, 2009)(citing *Carley v. Hudson*, 563 F.Supp.2d 760, 776 (N.D. Ohio)).

Petitioner may still secure review of the merits of this claim if he demonstrates cause for his failure to follow the state procedural rules, as well as actual prejudice from the constitutional violations that he alleges. "[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). But a petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient bases to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Instead, in

order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). Petitioner has failed to establish cause for his procedural default. Any claimed denial of the effective assistance of appellate counsel cannot constitute cause for any procedural default, because Petitioner has never presented that claim to the state courts. *See Edwards,* 529 U.S. at 451-52.

The United States Supreme Court has also held that a claim of actual innocence may be raised "to avoid a procedural bar to the consideration of the merits of [the petitioner's] constitutional claims." *Schlup v. Delo*, 513 U.S. 298, 326–27 (1995). "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." *Murray,* 477 U.S. at 496. In *Schlup,* the Supreme Court held that a credible showing of actual innocence was sufficient to authorize a federal court in reaching the merits of an otherwise procedurally defaulted barred habeas petition. *Schlup*, 513 U.S. at 317. However, the actual innocence claim is "'not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits.'" *Id*. at 315 (quoting *Herrera v. Collins*, 506 U.S. 390, 404 (1993)).

The actual innocence exception allows a petitioner to pursue his constitutional claims if it is "more likely than not" that new evidence—not previously presented at trial—would allow no reasonable juror to find him guilty beyond a reasonable doubt. *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005). The Court of Appeals for the Sixth Circuit explained the exception as follows:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court

> cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id.* at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States,* 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter,* 395 F.3d at 589–90 (footnote omitted). Petitioner does not meet these standards here. After an independent review of the record, the Court does not deem this to be so extraordinary a case as to relieve petitioner of his procedural default

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is

made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                             *s/ Norah McCann King*
                                             Norah McCann King
                                             United States Magistrate Judge

May 18, 2017