# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**DAVID NELMS,**

    **Petitioner,**

    v.

**WARDEN, NORTH CENTRAL CORRECTIONAL COMPLEX,**

    **Respondent.**

**Case No. 2:16-cv-0160**
**JUDGE GEORGE C. SMITH**
**Magistrate Judge King**

## OPINION AND ORDER

On May 18, 2017, the Magistrate Judge recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Report and Recommendation* (Doc. 19). Petitioner objects to that recommendation. *Objection* (Doc. 24). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (Doc. No. 24) is **OVERRULED**. The *Report and Recommendation* (Doc. 19) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner's request for a certificate of appealability is **DENIED.**

Petitioner challenges his June 11, 2013, convictions, pursuant to his no contest plea in the Delaware County Court of Common Pleas, on charges of engaging in a pattern of corrupt activity and possession of heroin. He asserts that he was denied due process because the trial court lacked jurisdiction (claim one); that he was denied due process because the trial court dismissed his petition for post conviction relief without holding an evidentiary hearing (claim two); and that he was denied the effective assistance of counsel because his attorney failed to properly

litigate the trial court's lack of jurisdiction, failed to file a motion to suppress evidence, and failed to prepare (claim three). The Magistrate Judge recommended dismissal of claims one and two on the merits, and dismissal of claim three as procedurally defaulted.

Petitioner does not object to the Magistrate Judge's recommendation that claims one and two be dismissed on the merits. However, Petitioner does object to the Magistrate Judge's recommendation that claim three, *i.e.,* the denial of the effective assistance of trial counsel, be dismissed as procedurally defaulted.

Petitioner maintains that he acted diligently in pursuing relief. He alleges, as cause for his procedural default of this claim, that delays in the prison's mailing system prevented him from filing timely appeals in post conviction proceedings.[1] He has attached various documents in support of this allegation.

However, Petitioner waived this claim, which appears to rely on matters that would be readily apparent from the face of the record, because he failed to raise the issue on direct appeal, where he was represented by new counsel. It is true that Petitioner presented this claim in his petition for post conviction relief; however, he did not file a timely appeal from the trial court's June 30, 2014, dismissal of that petition. *See Judgment Entry* (denying the *Notice of Appeal* as untimely) (Doc. 7-1, PageID# 311). Petitioner thereafter also failed to file a timely appeal from that decision to the Ohio Supreme Court, and the Clerk of the Ohio Supreme Court returned his

---

[1] Petitioner appears to complain that the same attorney represented him on appeal and in post conviction proceedings. *Objection* (Doc. 24, PageID# 557). However, the record reflects that Petitioner filed his post conviction petition *pro se*. (Doc. 7-1, PageID# 281-93). The appellate court subsequently dismissed the appeal from the denial of that petition as untimely. *Judgment Entry* (Doc. 7-1, PageID# 311). The trial court thereafter appointed counsel to represent Petitioner "for the purpose of appeal of denial of Petition For Post-conviction Relief". *See Judgment Entry Appointing Counsel* (Doc. 7-1, PageID# 316). That counsel then filed a motion for reconsideration, (Doc. 7-1, PageID# 312-16), and two motions for leave to file a delayed appeal. (Doc. 7-1, PageID# 317-20; PageID# 322-26). The appellate court initially granted the second motion, *Judgment Entry* (Doc. 701, PageID# 327), but later dismissed the appeal as improvidently allowed and for want of appellate jurisdiction, reasoning Ohio does not permit delayed appeals in post conviction proceedings. *Opinion* (Doc. 7-1, PageID# 363-68).

notice of appeal as untimely. *Letter* (Doc. 24-3, PageID# 576). In short, this Court agrees with the Magistrate Judge that Petitioner procedurally defaulted his claim of the denial of the effective assistance of trial counsel.

"[P]etitioner has the burden of showing cause and prejudice to overcome a procedural default." *Hinkle v. Randle*, 271 F.3d 239, 245 (6th Cir. 2001) (citing *Lucas v. O'Dea*, 179 F.3d 412, 418 (6th Cir. 1999) (internal citation omitted)). A petitioner's *pro se* status, ignorance of the law, or ignorance of procedural requirements are insufficient to excuse a procedural default. *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004). Instead, in order to establish cause, a petitioner "must present a substantial reason that is external to himself and cannot be fairly attributed to him." *Hartman v. Bagley*, 492 F.3d 347, 358 (6th Cir. 2007). Petitioner has failed to establish cause for his procedural default of this claim.

None of the documents submitted by Petitioner support his allegation that prison mail delays or the lack of an available notary public prevented him from filing timely appeals in his post conviction proceedings. Petitioner's appeal from the June 30, 2014, denial of his post conviction petition was apparently filed on August 1, 2014. *See Appellant's Application for Reconsideration* (Doc. 7-1, PageID# 312). Notice of appeal from the appellate court's dismissal of his untimely post conviction appeal, which was due on September 24, 2015, was received by the Ohio Supreme Court on September 25, 2015. *See Letter* (Doc. 24-3, PageID# 576). Petitioner has attached a letter from the prison's case manager, dated May 23, 2017, which states as follows:

> Notary Public service is available for offenders during various times of the day and week. We currently have 5 Notary Publics at the institution. We see offenders as our institutional operation allows. There are times and circumstances that may interfere with availability of notary services due to operational needs of the facility.

3

(Doc. 24-2, PageID# 573). Petitioner has also attached a document indicating that, on February 11, 2016, he complained to a prison official that his legal mail had been delayed because notary staff were on medical leave, and because a unit clerk had signed the wrong area of his cash slip. (Doc. 24-3, PageID# 574). However, these events and dates are simply not pertinent to the time period at issue. Similarly, the *Personal A/C Withdrawal Check Out-Slip[s]* (Doc. 24-3, PageID# 577-579) and *Legal Mail Log* (Doc. 24-4, PageID# 581) that the Petitioner has attached in support of his *Objection* do not involve the dates at issue. Petitioner has also attached a copy of an *Informal Complaint Resolution* (Doc. 24-4, PageID# 582); however, that document is largely illegible and is undated, although the *Response to Kite* (Doc. 24-4, PageID# 580), which appears to be a response to Petitioner's complaint, refers to the date of May 24, 2017. Again, these dates are simply irrelevant to the events at issue in this action.

Moreover, even assuming that Petitioner could establish cause for his untimely filing(s) based on delays in the prison mail or on the lack of an available notary public, the record reflects that Petitioner also procedurally defaulted his claim in post conviction proceedings by failing to comply with the Rules of the Ohio Supreme Court, which require that a date-stamped copy of the judgment entry being appealed from be attached to the notice of appeal. *Letter* (Doc. 24-3, PageID# 576). "This Court has previously enforced a procedural default under these same circumstances." *Boddie v. Ohio,* 2017 WL 2601894, at *4 (S.D. Ohio June 15, 2017)(citing *Mason v. Warden, Noble Correctional* Inst, No. 2:14-cv-0075, 2014 WL 293843, at *3 (S.D. Ohio Jan. 27, 2014) (finding that Supreme Court Rule of Practice 7.02(D)(1) constitutes an adequate and independent state ground upon which to foreclose federal habeas corpus review) (citing *Blackburn v. Wolfe*, 2009 WL 1117351 (S.D. Ohio April 24, 2009)). "[N]either the petitioner's pro se status nor his claim of ignorance of the law" constitutes cause for such

procedural default." *Mason*, 2014 WL 293843, at *3 (citations omitted). Therefore, this Court need not address Petitioner's allegation that his untimely filings were due to the fault of prison officials or to Petitioner's claimed inability to obtain the services of a notary public.

For all these reasons, then, the Court concludes that Petitioner's third claim must be dismissed as procedurally defaulted.

Therefore, Petitioner's *Objection* (Doc. No. 24) is **OVERRULED**. The *Report and Recommendation* (Doc. 19) is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

Petitioner requests a certificate of appealability. "In contrast to an ordinary civil litigant, a state prisoner who seeks a writ of habeas corpus in federal court holds no automatic right to appeal from an adverse decision by a district court." *Jordan v. Fisher*, — U.S. —. —, 135 S.Ct. 2647, 2650 (2015); 28 U.S.C. § 2253(c)(1)(requiring a habeas petitioner to obtain a certificate of appealability in order to appeal.) The petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is a codification of *Barefoot v. Estelle*, 463 U.S. 880 (1983). *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (recognizing codification of *Barefoot* in 28 U.S.C. § 2253(c)(2)). In order to make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack,* 529 U.S. at 484 (quoting *Barefoot*, 463 U.S., at 893 n. 4).

Where the Court dismisses a claim on procedural grounds, however, a certificate of appealability "should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

5

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id*. at 485. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

This Court is not persuaded that reasonable jurists would debate whether the Court properly denied Petitioner's claim of the denial of the effective assistance of trial counsel as procedurally defaulted. Therefore, Petitioner's request for a certificate of appealability is **DENIED**.

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**